CLERKS OFFICE
US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED

4/20/2026

LAURA A. AUSTIN, CLERK
BY: s/J. Lopez
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| RICHARD JEROME KOONCE, III <br><br> v. <br><br> UNITED STATES OF AMERICA | CASE NOS.  3:25-cv-81561 <br> 3:25-cv-81562 <br> 3:25-cv-81563 |
| UNITED STATES OF AMERICA <br><br> v. <br><br> RICHARD JEROME KOONCE, III[1] | CASE NO.  3:24-cr-00001 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

Richard Jerome Koonce, III has filed a series of repetitive motions, under 28 U.S.C. § 2255, challenging his guilty plea and conviction. *See United States v. Koonce*, 3:24-cr-00001 (W.D. Va.) (Dkts. 89, 94, 114, 115, 120, 122).[2] Koonce raises claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) a due process violation. Dkts. 114, 115.

---

[1]     Koonce has filed a motion to set aside his plea agreement, along with additional motions pursuant to 28 U.S.C. § 2255 seeking to vacate and set aside his sentence. For clarity, the Court has included two separate captions: one corresponding to his § 2255 proceedings, and another corresponding to his motion to set aside the plea agreement, which was filed under his criminal case number.

[2]     Throughout this opinion, citations to docket entries correspond to Koonce's criminal case—3:24-cr-00001.

1

The United States moves to dismiss, arguing that (1) except for his ineffective assistance of counsel claims, Koonce waived his right to collaterally attack his conviction pursuant to his written plea agreement; (2) his sworn testimony at his guilty plea hearing contradicts several of his claims; and (3) all claims fail as a matter of law. Dkt. 145 at 2. Because the record conclusively shows that Koonce's ineffective assistance of counsel claims fail as a matter of law, and because his remaining claims are barred by his collateral attack waiver, the Court will grant the Government's Motion to Dismiss, Dkt. 145, and will deny Koonce's § 2255 motions, Dkts. 89, 114, 115, 120, 122.

**BACKGROUND**

Koonce was indicted on January 10, 2024, in a seven-count indictment charging him with conspiracy to distribute and distribution of fentanyl, methamphetamine, and cocaine. Dkt. 1.[3] Koonce entered a guilty plea pursuant to a written plea agreement (the "Agreement"). Dkts. 72-74. In addition to the Agreement, Koonce signed an Agreed Statement of Facts, in which he agreed and stipulated that he conspired with others to distribute or possess with the intent to distribute methamphetamine, cocaine, and fentanyl. Dkt. 74 at 2.

## 1.  The Agreement

Pursuant to the Agreement, Koonce pled guilty to Counts 1 and 5 of the indictment—conspiracy to distribute 400 grams or more of fentanyl, cocaine, heroin, and methamphetamine, and distribution of 400 grams or more of fentanyl. Dkt. 72 at 1-2. The parties stipulated that Koonce's base offense level under the United States Sentencing Guidelines (U.S.S.G.) § 2D1.1(c)

---

[3]      Following his indictment, counsel was appointed to represent him. Dkt. 19. However, prior to his guilty plea hearing, Koonce filed fifteen motions, one of which was a motion to remove his attorney and proceed *pro se.* Dkt. 41. The Court held a hearing on the motions and granted his request to proceed *pro se.* But on the day of his guilty plea hearing, and before being sworn, Koonce moved to have his former attorney—who was present as standby—reappointed. The Court granted his request. Dkts. 70, 71.

would be a level 30. *Id.* at 4. The parties also agreed that (1) they were free to argue for the guidelines that should or should not apply; (2) the United States would "request a sentence at the low end of the properly calculated guideline range"; (3) the United States would not seek an enhancement of Koonce's sentence, under 21 U.S.C. § 851, due to any prior convictions; (4) the Court was "not bound by any recommendation or stipulation contained in [the] agreement and may sentence [] up to the statutory maximum"; and (5) if the sentence was more severe than Koonce expected, he would have no right to withdraw his plea. *Id.* at 3-5, 11.

The Agreement also contained "Waiver of Right to Appeal" and "Waiver of Right to Collaterally Attack" provisions. *Id.* at 9-10. Koonce agreed to waive his right to collaterally attack his conviction, except for claims based on ineffective assistance of counsel. *Id.* Additionally, the final section of the Agreement contained an integration clause that stated:

> This writing and any associated addenda filed with the Court set forth the entire understanding between the parties and constitute the complete plea agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

*Id.* at 14-15. Finally, Koonce agreed that he would not attempt to deny that he committed any crime to which he had pled guilty. *Id.* at 11. He initialed the bottom of each page of the Agreement, and he, his attorney, and the Assistant United States Attorney ("AUSA") signed the last page. *See* Dkt. 72.

### 2. **Plea Hearing Colloquy**

On May 15, 2024, Koonce appeared before this Court for a guilty plea hearing pursuant to Federal Rule of Criminal Procedure 11. Before beginning the plea colloquy, the Court asked Koonce if he needed any more time to confer with his attorney. Dkt. 106 at 2. Koonce responded,

"No, sir" and was placed under oath. *Id.* at 3. He then answered a series of questions from the Court, acknowledging that he was fully satisfied with his attorney, he understood the charges against him, and he understood he would be foregoing certain trial rights by pleading guilty. *Id.* at 4-10. His attorney summarized the terms of the Agreement and Koonce agreed that he understood its terms and affirmed that no one had made any other promises or assurances to him to induce him to plead guilty. *Id.* at 14-15. The AUSA read the signed Agreed Statement of Facts and Koonce once again affirmed that he heard the facts that had been read, he agreed to those facts, and that he had signed the statement acknowledging that those facts were true. *Id.* at 15-17. Koonce pled guilty and the Court accepted his plea. *Id.* 17-19.

### 3. Sentencing

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), which stated that Koonce had a total offense level of 29,[4] a criminal history category of III, which yielded a guideline range of 108 months to 135 months.[5] At sentencing, the Government moved for, and the Court granted, a substantial assistance motion, asking for a 50% reduction pursuant to 18 U.S.C. §3553(e) and U.S.S.G. 5K1.1. Dkt. 107 at 4-5. Based on that reduction, and pursuant to the Agreement, the Government argued for a sentence of 54 months incarceration, which was 50% off the low-end of the 108–135-month guideline range. *Id*. The Court sentenced Koonce to 54 months imprisonment followed by a 5-year term of supervised release. *Id.* at 21-22.

### 4. Post-Sentencing Filings

---

[4]    The calculated base offense level in the PSR was lower than the base offense level that the parties had agreed to.

[5]    Because the statutorily authorized minimum sentence was greater than the minimum of the applicable guideline range, his final guideline range as stated in the PSR was 120 to 135 months. U.S.S.G. § 5G1.2(b).

One week after sentencing, Koonce filed his first *pro se* motion to set aside his conviction and sentence. Dkt. 89. Over the next several months, he proceeded to file four additional duplicative motions to set aside his conviction under § 2255. *See* Dkts. 89, 114, 115, 120, 122. In these motions, Koonce claims:

(1) Ineffective assistance of counsel, because his attorney:

    a.  counseled him to plead guilty despite there being "no evidence" of his guilt;
    b.  failed to get an oral agreement between the parties reduced into writing; and
    c.  failed to object to a breach of the oral agreement during sentencing.

(2) Prosecutorial misconduct, because the prosecutor:

    a.  relied on recordings of drug buys that did not show Koonce selling drugs;
    b.  relied on a faulty search warrant;
    c.  "ignored the facts, the evidence, and the truth" which has "caused Koonce to remain in prison";
    d.  breached the plea agreement and violated contract law by improperly entering into an oral agreement that the Government would argue for a sentence of 48 months; and
    e.  breached the plea agreement by "introduc[ing] evidence and arguments that were expressly precluded under the plea agreement."

(3) A "Due Process Violation" because the government did not "reduce all [the] plea agreement" to writing.

Dkts. 114, 115, 120, 122.

## ANALYSIS

### 1.  Section 2255

Under § 2255, a petitioner may attack his sentence or conviction on the grounds that (i) it was imposed in violation of the Constitution or laws of the United States; (ii) the court was without jurisdiction to impose such a sentence; (iii) the sentence exceeded the maximum authorized by law; or (iv) the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255(a). The petitioner bears the burden of proving grounds for collateral relief by a preponderance of the

evidence. *See United States v. Collins*, 2022 WL 1811387 *2 (W.D. Va. June 1, 2022) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)).

An evidentiary hearing is not required where the motion, files, and records of the case conclusively show that the petitioner is not entitled to relief. Indeed, absent "extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) (internal quotations and citations omitted) (citing *Ouellette v. United States*, 862 F.2d 371, 377-78 (1st Cir. 1988) (holding that an evidentiary hearing is not required when uncorroborated allegations directly contradict plea colloquy testimony)). Because the allegations in Koonce's § 2255 motion directly contradict his sworn statements at his Rule 11 colloquy, and because the record conclusively establishes that Koonce is not entitled to relief, the Court will grant the Government's motion to dismiss without holding an evidentiary hearing.

### 2. Koonce's Ineffective Assistance of Counsel Claims Have No Merit

To successfully allege ineffective assistance, Koonce must establish two things: (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) that his attorney's deficiencies prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-692 (1984). When the conduct of an attorney is being assessed, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Further, a petitioner who alleges ineffective assistance of counsel after the entry of a guilty plea must meet an even higher burden. *See Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). In addition to showing prejudice, a

6

defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper*, 845 F.2d at 475 (quoting *Lockhart*, 474 U.S. at 59).

In evaluating a post-guilty claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel are binding absent "clear and convincing evidence to the contrary." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1985). Indeed, absent "extraordinary circumstances," "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Lemaster*, 403 F.3d at 221.

### a. Claim 1

In his first claim, Koonce argues that his attorney was ineffective by counseling him to plead guilty when "the facts point[] to [his] innocence" and "no evidence" of his guilt exists. Dkt. 114 at 3. This allegation, however, directly contradicts several of his "solemn declarations [made] in open court." *Lemaster*, 403 F.3d at 221. At the beginning of the plea colloquy, the Court asked Koonce if he was satisfied with his attorney's representation; Koonce answered, "I am." [6] Dkt. 106 at 5. He also acknowledged that he understood the charges against him and the elements of those charges that the Government would have had to prove beyond a reasonable doubt. Dkt. 106 at 6-8. Beyond his sworn statements, Koonce agreed, pursuant to the written Agreement, that he would not "deny [he] committed any crime to which [he had] pled guilty." Dkt. 72 at 11.

---

[6]    Q: Have you had ample time to consult with your attorney?
A: Yes, sir.
          …
Q: Are you fully satisfied with the counsel, representation, and advice given to you in this case by [your attorney]?
A: I am.
Dkt. 106 at 4-5.

Later in the colloquy, Koonce confirmed that he had reviewed, signed, and agreed to the statement of facts read by the AUSA, which outlined the factual support for his conviction. Dkt. 106 at 15-17; Dkt. 74 (Agreed Statement of Facts). Specifically, Koonce admitted that:

- Police discovered Koonce and another person flushing cocaine and fentanyl down a toilet at Koonce's residence located at 935 Rockcreek Road, Charlottesville, Virginia, Dkt. 74 ¶ 1;

- Police recovered 209 grams of cocaine, 9.7 grams of methamphetamine, U.S. currency, and two firearms from Koonce's residence, *id.*;

- He was associated with a residence located at 2299 Horseshoe Farm Road, Louisa, Virginia, and that police also recovered 52.97 grams of cocaine, 524.42 grams of fentanyl, 431.65 grams of marijuana, U.S. currency, a firearm, and ammunition from that residence, *id.* ¶ 2; and

- He willfully, knowingly, and intentionally conspired with others to distribute or possess with intent to distribute methamphetamine, cocaine, and fentanyl, *id.* ¶¶ 3–4.

Contrary to his assertion that the facts "point to his innocence," Koonce admitted to facts that proved his guilt beyond a reasonable doubt.

Apart from his self-serving allegations, Koonce offers no evidence of "extraordinary circumstances" that might taint his sworn testimony. Simply put, he has failed to demonstrate why his current conclusory assertions of innocence are more credible than his statements made under oath to the contrary. Indeed, "a guilty plea is an admission of all the elements of the charges in the indictment," and "a claim that the evidence was insufficient to prove an element [of the charged crime] cannot be raised on collateral review." *Seirs-Hill v. United States*, 467 F.Supp. 3d 406, 415 (E.D. Va. 2020) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989). Accordingly, there is no

merit to Koonce's claim that his attorney was objectively unreasonable, or that Koonce was prejudiced, when his attorney counseled him to plead guilty.

### b.  Claim 2

In his second claim, Koonce argues that his attorney provided ineffective assistance when he failed to reduce to writing an alleged oral promise from the Government that it would argue for a sentence of 48 months.[7] Once again, this contention directly contradicts his sworn statements and the terms of the written Agreement. *See* Dkt. 106 at 4-5. During the plea hearing, the Court questioned Koonce about the Agreement:

Q: Did you read and go over the plea agreement with your attorney before you signed it?

A: Yes, sir.

Q: You heard him speak of it here in the courtroom, as well as [the AUSA]. Did they say anything about the agreement that's different from your understanding of the agreement?

A: No, sir.

Q: All right. Other than the agreement, has anyone made any promise or assurance to you of any kind in an effort to induce you to plead guilty?

A: No, sir.

Q: Has anyone attempted in any way to force you to plead guilty?

A: No, sir.

*Id.* at 14.

---

[7]     In some of Koonce's filings, he refers to this promise as an "oral promise" that his attorney and the Government failed to reduce to writing. Dkts. 115 at 4; 89 at 5. In other filings he simply states, "Defendant entered into a plea agreement with the Unted States Attorney's Office in which the Government agreed to forty-eight month[s] active sentence." Dkt. 122 at 2; 120 at 1, 5. It appears that all these claims relate to the same oral promise, and the Court will construe them as such.

Nowhere in the Agreement is there any promise that the Government would argue for a 48-month prison term. Instead, the Agreement *does* contain a provision that the Government would "request a sentence at the low end of the properly calculated guideline range," which the Government did.[8] Dkt. 72 at 4; Dkt. 107 at 4-5. Koonce has offered no evidence to support his allegation that an oral agreement existed outside the written and signed Agreement.[9] He cannot merely rely on self-serving allegations to undue his guilty plea and conviction.

Further, and perhaps even more damaging to his claim, the Agreement contains an integration clause, which explicitly states that the written Agreement sets forth the "*entire* understanding between the parties," is "the *complete*" agreement between the parties, and "supersedes all prior understandings, promises, agreements, or conditions, if any between the United States and [Koonce]." Dkt. 72 at 14-15. Courts in this circuit and others have consistently held that an integration clause forecloses arguments that an alleged oral agreement existed outside the terms of a written plea agreement. *See United States v. Morgan*, 284 Fed. Appx. 79, (4th Cir. Jul. 3, 2008) (citing *United States v. Davis,* 393 F.3d 540, 546 (5th Cir.2004); *United States v. Fagge,* 101 F.3d 232, 234 (2d Cir.1996); *United States v. Hunt,* 205 F.3d 931, 935 (6th Cir.2000) ("An integration clause normally prevents a criminal defendant, who has entered into a plea agreement, from asserting that the government made oral promises to him not contained in the plea agreement itself."); *see also United States v. Rutledge*, 900 F.2d 1127, 1132 (7th Cir. 1990) ("[A]n integration clause … negates any effort by [a petitioner] … to undo the terms of the plea agreement

---

[8]     The transcript reads: "Your Honor, given the totality of the circumstances, the government believes that a sentence of 54 months is sufficient, but not more than necessary, to meet the factors set for in 18 U.S.C. 3553(a). The 54 months represents a [] 50 percent reduction off the low end of the guidelines, which was 108 months …." Dkt. 107 at 4-5.

[9]     Koonce attaches a single email to one of his filings asserting that "[t]his attachment shows a[n oral] promise did in fact exists." Dkt. 160-1 at 1. However, the email he attached appears to be an email from the AUSA to Koonce, explaining that his attorney had contacted his state attorney to inform him of the property the United States moved to have forfeited in Koonce's federal case. *Id.* The email makes no mention of any alleged oral agreement.

by pointing to an alleged promise, made before the agreement was signed."). For these reasons, Koonce's second claim for ineffective assistance of counsel has no merit.[10]

### c. Claim 3

Finally, Koonce asserts that his attorney failed to object to a breach of the oral agreement during sentencing. Dkt. 115 at 4. This argument relies solely on the Court finding that an oral agreement outside the written Agreement existed. Because the Court has already rejected this notion, it need not further address this argument.

Each of Koonce's ineffective assistance of counsel claims directly contradict his sworn statements made during the Rule 11 hearing and the terms of the written Agreement. Because he has not alleged any extraordinary circumstances that would justify crediting his self-serving allegations over his sworn testimony, Koonce fails to establish that his attorney's conduct fell below an objective standard of reasonableness or that he was prejudiced because of his attorney's conduct. Accordingly, his ineffective assistance claims will be dismissed.

### 3. Remaining Claims

The bulk of Koonce's remaining claims stem from his contention that the Government breached its alleged oral promise to argue for a sentence of 48 months. *See* Dkts. 115 at 5, 6, 8; 152; 153. Because the Court has determined that Koonce's sworn statements and the terms of the written Agreement directly refute the existence of any such oral agreement, the Court finds that the Government did not breach the Agreement or engage in misconduct when it argued for a sentence of 54 months.[11]

---

[10] In one of his many filings, Koonce states that his attorney was ineffective because he "failed to challenge improper sentencing enhancements." Dkt. 122-1 at 2. However, he does not allege what sentencing enhancements he believes were improper or how the sentence was improperly calculated. It is unclear whether this allegation pertains to the alleged oral agreement or separate enhancements. In any event, this conclusory allegation is not supported by evidence and must be rejected.

[11] This also applies to Koonce's "Due Process Violation" claim.

His remaining claims that do not relate to the alleged oral agreement are that the Government (1) relied on recordings of drug buys that did not show Koonce selling drugs; (2) relied on a faulty search warrant; and (3) "ignored the facts, the evidence, and the truth" which has "caused Koonce to remain in prison." Dkt. 114 at 1-3. These claims are barred by Koonce's collateral attack waiver. A "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *Lemaster,* 403 F.3d at 220. To bar a defendant from collaterally attacking his conviction, the waiver contained in his plea agreement must be both valid and sufficiently broad in scope. *See, e.g.*, *United States v. Attar,* 38 F.3d 727, 731–33 (4th Cir.1994) (discussing the waiver of appellate rights). A waiver is valid when "the record … show[s] that the waiver was based upon a knowing and intelligent decision." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002).

Here, the facts reveal that Koonce, who earned a GED, read and signed the Agreement that provided he would forfeit his right to "file *any* court document" "seeking to disturb, *in any way*, any order imposed" in the case, except for those claims based on ineffective assistance of counsel. Dkt. 72 at 10. Koonce acknowledged that he understood the Agreement before he signed it. During the plea colloquy, his attorney specifically stated that he and Koonce had gone over the collateral attack concept and that Koonce understood that his convictions would be final. Dkt. 106 at 13. Koonce confirmed this understanding. *Id.* at 14.

Throughout Koonce's many filings, he never contests the validity of his collateral attack waiver. The Agreement provides in clear, certain terms that he was waiving a right to file any type of document, whether or not based on § 2255, to question the validity of his conviction. Thus, the record establishes that Koonce's waiver was made knowingly and voluntarily.

Moreover, these remaining claims fall squarely within the scope of the waiver. His claims center on the validity and sufficiency of the evidence against him—which are precisely the type of claims a collateral attack waiver is designed to preclude. *See Seirs-Hill*, 467 F.Supp. 3d at 415 (citing *Broce*, 488 U.S. at 569) ("[A] claim that the evidence was insufficient to prove an element [of the charged crime] cannot be raised on collateral review."). Koonce does not argue that his allegations fall within the narrow class of claims that the Fourth Circuit has found to fall outside the scope of an enforceable waiver. *See Lemaster*, 403 F.3d at n.2 (citing to *United States v. Marin, 961 F.2d 493,* (4th Cir.1992) ("[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." ); *United States v. Attar,* 38 F.3d 727, 732 (4th Cir.1994) (holding that a waiver could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings)). As such, his remaining claims will be dismissed pursuant to the waiver.

**CONCLUSION**

For these reasons, the Court will grant the United States' motion to dismiss and will deny Koonce's § 2255 motions.

A separate Order will follow.

Entered this __20__ day of April, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

13